Argued and submitted May 13, affirmed December 23, 1992

Linda NOREN, D.C.,
*Petitioner,*

*v.*

BOARD OF CHIROPRACTIC EXAMINERS,
*Respondent.*

(CA A71843)

843 P2d 1021

Brian R. Barnes, Eugene, argued the cause for petitioner. With him on the brief was Horton & Koenig, Eugene.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner seeks review of a Board of Chiropractic Examiners order that fined and reprimanded her for practicing chiropractic after her license had expired. ORS 684.015 (1)(a). We affirm.

Chiropractors practicing in Oregon are required to pay a registration fee by August 1 each year. ORS 684.090(1). Along with the fee, the chiropractor must "submit evidence satisfactory to the board of the successful completion of [15 hours] of continuing chiropractic education." ORS 684.092(1); ORS 684.094(2).

On May 31, 1990, the board sent a renewal notice to petitioner. It said:

"ENCLOSED IS YOUR ANNUAL RENEWAL FOR LICENSURE

"If your status is active (practicing) and you wish to remain active, the fee is $160.

"* * * * *

"TO ENSURE CONTINUATION OF YOUR LICENSE you must submit evidence of completion of 15 hours of Board approved continuing education. ORS 684.092. The 15 hours must be taken in the 12 months preceding Aug. 1, 1990.

"LICENSURE FEE IS DUE TO HEALTH DIVISION ON OR BEFORE AUGUST 1, 1990. Use the enclosed envelope." (Emphasis deleted.)

Petitioner mailed the fee on June 22, 1990. Although she had completed 100 hours of continuing education in the year before August 1, 1990, she did not submit any evidence to the board that she had satisfied the continuing education requirement. Petitioner treated three patients between September 4 and September 14. On September 17, she paid a late fee, ORS 684.090(3), and her license was renewed.

Petitioner assigns error to the board's finding that she practiced chiropractic after her license had expired. She contends that her license did not expire, because the board failed to notify her of the renewal requirements. She also contends that the board violated its own rules and policy by singling her out for sanctions.

ORS 684.090(1) provides, in part:

"The Board, on or before June 1 of each year, shall cause to be mailed to the last-known professional address of all licensed chiropractors in this state a notice of the requirements of ORS 684.092 and that the registration fee will be due on or before August 1 next following."

ORS 684.092 provides, in part:

"[Each] chiropractic physician at the time the chiropractic physician submits any fee required under ORS 684.090, shall submit evidence satisfactory to the board of the successful completion of an approved program of continuing chiropractic education * * *."

■ Petitioner argues that she relied on the board's historic practice of allowing the education provider to submit evidence of compliance with ORS 684.092. The May 31 notice clearly stated, *"you must submit evidence* of completion of 15 hours of Board approved continuing education. ORS 684.092."* (Emphasis supplied.) That admonition unambiguously informed petitioner that she had the burden of timely submitting the evidence that she had fulfilled the continuing education requirement.[1] Her reliance on previous board practice was misplaced.

■■ Next, petitioner argues that the board's notice was deficient, because

"[it] neglects the critical requirement that the relicensing fee and the continuing education credits must be submitted *at the same time* * * *.

"[The board should not be allowed] to penalize Petitioner's lack of strict compliance with the statutes when the [b]oard has not fulfilled the necessary statutory prerequisites and its failure caused or contributed to Petitioner's delinquency." (Emphasis in original.)

The May 31 notice explicitly stated that the renewal fee had to be paid by August 1. It also said, "TO ENSURE THE CONTINUATION OF YOUR LICENSE you must submit evidence [that you have completed the continuing education requirement]." It cited ORS 684.092, the statute that requires the fee and evidence of compliance to be submitted at

---

[1] Petitioner does not contend that any continuing education provider timely submitted evidence that she had fulfilled the continuing education requirement.

the same time. On August 30, 1989, the board had sent petitioner a letter about continuing education. It said:

> "A three-part attendance card (enclosed) will be provided for recording your [continuing education] hours. *THIS CARD IS YOUR RESPONSIBILITY. * * * You* will send the yellow (2nd) copy to the Board *ALONG WITH YOUR LICENSE RENEWAL FEE IN JULY OF EACH YEAR.*" (Emphasis in original.)

The August 30, 1989, letter and the May 31, 1990, notice contained all of the information required by ORS 684.090 and ORS 684.092. They notified petitioner that *she* was required to submit evidence that she had completed the continuing education requirement, *with her license renewal fee,* by August 1, 1990. She did not. Her license expired 30 days later. ORS 684.090(2). The board's finding that she practiced chiropractic after her license expired is supported by substantial evidence. ORS 183.482(8)(c).[2]

■■ Next, petitioner argues that the board violated its own rules by singling her out for sanctions. In support of that argument, she submitted a board document titled "Global Considerations for Decision Making." Among the "global considerations" is this question: "Is this action consistent with other actions taken?" Petitioner treated SAIF patients after her license expired. She submitted a list of several chiropractors whom the board did not sanction after their licenses had expired. The board did not admit her list in evidence.[3] She

---

[2] Before the continuing education requirement was added, ORS 684.090 required the board to give chiropractors 60 days notice that their annual renewal fee was due. Or Laws 1969, ch 191, § 8. In 1924, the Attorney General wrote:

> "[The] statute does not provide that failure to receive such notice shall excuse any such practitioner from [timely] making such payment. It is a duty imposed upon [the practitioner] and is not made conditioned [*sic*] upon the performance of the duty imposed upon the secretary of the board.

> "The provision that any such practitioner failing to pay [the] annual license fee [on time], ipso facto, loses [the] license follows all of the other provisions, and therefore, is controlling, if there be any conflict between them, which I do not understand that there is." 12 Op Att'y Gen 51 (Or 1924-26).

Because we conclude that the board's notice to petitioner was adequate, we need not decide whether the Attorney General was correct.

[3] In a footnote in her brief, petitioner asserted that the board erred by not admitting her list into evidence. We decline to consider that issue. An assignment of error cannot be made in a footnote. ORAP 5.45(4).

contends that the board did not impose sanctions against those chiropractors because they treated only non-SAIF patients.

■    Although the "global considerations" do not constitute a board rule, they may be construed as establishing board policy. However, even if the board had admitted her list of chiropractors that were not sanctioned, petitioner offered no evidence that the board treated her differently *because* she treated SAIF patients. The record merely reflects that SAIF lodged a complaint against petitioner, and the board followed up on it. There is no evidence that the board singled her out for sanctions.

Affirmed.